UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

WILLIAM SMITH,

    Plaintiff,

v.

LIBERTY LIFE ASSURANCE
COMPANY OF BOSTON,

    Defendant.

Civil Action No. TDC-14-0203

## MEMORANDUM OPINION

This matter is before the Court on a Motion to Remand filed by Plaintiff William Smith ("Smith"), ECF No. 20, and a Motion for Summary Judgment filed by Defendant Liberty Life Assurance Company of Boston ("Liberty Life"), ECF No. 27. A Motion to Amend Scheduling Order, ECF No. 37, filed by Smith on December 31, 2014, is also pending before the Court. The issue before the Court is whether the Court should remand Smith's claim for long-term disability benefits to the Plan Administrator for review of new evidence. The Court has reviewed the pleadings and the briefs and finds no hearing necessary. *See* Local Rule 105.6 (D. Md. 2014). For the following reasons, the Motion to Remand, ECF No. 20, is GRANTED, and the Motion for Summary Judgment, ECF No. 27, is DISMISSED without prejudice. As a result, the Scheduling Order, ECF No. 17, is VACATED and the Motion to Amend Scheduling Order, ECF No. 37, is therefore DISMISSED as moot.

## BACKGROUND

The following facts are not disputed by the parties.[1] While Smith was employed at Wyle, Inc. (the "Employer") as a Senior Software Engineer, he suffered from a long history of spinal problems. Smith underwent the first of five spinal surgeries in September 2001, followed by additional surgeries in November 2007, January 2011, April 2012, and June 2013. As a result of his condition, beginning on January 7, 2011, Smith qualified as "disabled" and was no longer capable of full-time work. Under the Group Long Term Disability Policy (the "Plan"), issued to the Employer by Liberty Life, a covered person is initially entitled to a 24-month "Own Occupation Benefit," which defines "disability" or "disabled" as an inability "to perform all of the material and substantial duties of his [own] occupation."[2] Suppl. Aff. McGee, Ex. A at LL000009. In July 2011, Smith began to receive long-term disability benefits pursuant to this plan.

On July 26, 2012, Liberty Life obtained an independent peer review of Smith's medical records, in which the reviewer, D. Kelly Agnew, M.D. ("Dr. Agnew"), a Board-certified orthopedic surgeon, concluded that Smith was capable of "sedentary to very light activity." *Id.* at LL000304. Liberty Life had previously obtained an occupational analysis that had determined Smith's occupation to be sedentary. *Id.* at LL000561-65. On the basis of the review and the occupational analysis, Liberty Life terminated Smith's benefits on August 24, 2012 and advised

---

[1] Citations are to the administrative claim file submitted by Liberty Life as a sealed exhibit to its Opposition to the Motion to Remand, ECF No. 24-2. Supplement to Aff. Paula J. McGee, Ex. A ("Suppl. Aff. McGee, Ex. A"), ECF No. 41.

[2] To qualify thereafter, the employee must be unable to "perform all of the material and substantial duties of his own or any other occupation." Suppl. Aff. McGee, Ex. A at LL000009. Because Smith was within the 24-month period when Liberty Life terminated his long-term disability claim, this latter definition is not relevant here.

him that he was no longer "disabled" as defined by the Plan because he had the physical capacity to perform the material duties of his occupation. *Id.* at LL000277-80.

In November 2012, Smith filed a *pro se* administrative appeal of the termination of his long-term disability benefits, in which he submitted information about his continued prescription for and use of Percocet for ongoing pain and informed Liberty Life that his job, in fact, required him to lift up to 70 pounds of computer hardware. *Id.* at LL000237-39. Liberty Life denied Smith's appeal on January 29, 2013. *Id.* at LL000215-19. On February 26, 2013, Smith submitted additional medical information and requested reconsideration of the decision, *id.* at LL000202-14, but Liberty Life responded on April 2, 2013 that its position "remained unchanged." *Id.* at LL000195-96. In both of its responses, Liberty Life relied on independent peer reviews of Smith's medical records by Jamie L. Lewis, M.D. ("Dr. Lewis"). Dr. Lewis concluded that Smith could work "unrestricted hours at a full time capacity from August 2012 through present and beyond" provided that any "lifting, carrying, pushing, and pulling" should be limited to "20 pounds occasionally and 10 pounds frequently." *Id.* at LL000198.

Smith then underwent his fifth spinal surgery in June 2013 because, according to Smith's orthopedic surgeon, Warren Yu, M.D. ("Dr. Yu"), after his fourth spinal surgery in April 2012, Smith "continued to experience substantially increasing pain in his lower back and legs upon any exertion," and an x-ray showed that the fusion done during the prior surgery had "failed to consolidate on the left side, potentially causing instability of the spine and stress on the hardware." *Id.* at LL000111. During the surgery, Dr. Yu discovered a broken pedicle screw in the hardware that had been surgically implanted during Smith's April 2012 surgery to stabilize Smith's lumbosacral spine, but had since failed, unbeknownst to Smith or his physicians. *Id.*

Dr. Yu's medical opinion is that the broken hardware "may have contributed to Mr. Smith's chronic and debilitating pain that occurred after his surgery of April 2012." *Id.*

On January 31, 2014, this time with representation by counsel, Smith submitted a supplementary appeal to Liberty Life, requesting that the administrator reevaluate his case in light of this newly discovered medical evidence, and also arguing that Liberty Life's decisions to terminate his long-term disability benefits had relied on an incorrect medical review and an occupational analysis that had erroneously categorized Smith's occupation as "sedentary." *Id.* at LL000090-107. In response, Liberty Life sent Smith a letter on June 3, 2014, informing him that Liberty Life had already rendered a "final determination" on January 29, 2013, that it was thus "unable to consider the information which you have submitted over 18 months after the August 24, 2012 benefit denial date," and that "Mr. Smith's administrative record remains closed with no further review conducted by Liberty Life Assurance Company of Boston." *Id.* at LL000089. Smith filed suit on January 27, 2014. ECF No. 1.

## DISCUSSION

### I. Standard of Review

This case is before the Court on claims to enforce rights under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 *et seq.* (2012). In reviewing a plan administrator's denial of benefits under 29 U.S.C. § 1132(a)(1)(B), a district court is to apply a *de novo* standard, unless the benefit plan "gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). Where the benefit plan provides discretionary decision-making authority to the administrator, a district court's review is governed by an abuse of discretion standard, under which the administrator's decisions will not be

disturbed if it "is the result of a deliberate, principled reasoning process and if it is supported by substantial evidence." *Ellis vs. Metro. Life Ins. Co.*, 126 F.3d 228, 232 (4th Cir. 1997) (quoting *Brogan v. Holland*, 105 F.3d 158, 161 (4th Cir. 1997)). Because the Plan provides such discretionary authority to the administrator, *see* Suppl. Aff. McGee, Ex. A at LL000041, the abuse of discretion standard applies to this case.

Notably, if "a benefit plan gives discretion to an administrator or fiduciary who is operating under a conflict of interest, that conflict must be weighed as a 'factor in determining whether there is an abuse of discretion.'" *Firestone*, 489 U.S. at 115 (citation omitted); *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 117-19 (2008). In this case, Liberty Life has a conflict of interest because it is both the insurer of the benefits and the decision-maker with respect to any claims for those benefits. *See* Reply Mot. Summ. J. at 5, ECF No. 36. The United States Court of Appeals for the Fourth Circuit has explained that reviewing a decision by such an administrator entails considering the administrator's "motives and any conflict of interest it may have," in addition to seven other nonexclusive factors: (1) the language of the plan; (2) the purpose and goals of the plan; (3) the adequacy of the materials considered; (4) whether the administrator's interpretation was consistent with other provisions and earlier interpretations of the plan; (5) whether the decision-making process was reasoned and principled; (6) whether the decision was consistent with the procedural and substantive requirements of ERISA; and (7) any external standard relevant to the exercise of discretion. *Williams v. Metro. Life Ins. Co.*, 609 F.3d 622 (4th Cir. 2010).

**II. Remand to the Administrator**

In a typical abuse of discretion case, a court limits its review to the information that was available to the plan administrator at the time the decision was made to terminate a plaintiff's

benefits. *See Elliott v. Sara Lee Corp.*, 190 F.3d 601, 608-09 (4th Cir. 1999). However, remand to a plan administrator is an appropriate remedy when "the administrator lacked adequate evidence on which to base a decision." *Id.*; *see also Berry v. Ciba-Geigy Corp.*, 761 F.2d 1003, 1007 (4th Cir. 1985) ("If the court believed the administrator lacked adequate evidence the proper course was to remand to the trustees for a new determination, not to bring additional evidence before the district court.") (internal citation and quotation marks omitted); *Dunbar v. Orbital Sci. Corp. Group Disability Plan*, 365 F. Supp. 2d 572, 585 (D. Md. 2003) ("[R]emand is a most appropriate course where the plan administrator had not considered relevant and available information.").

Here, Smith argues that Liberty Life made its decision on the basis of an incomplete administrative record because information that was related to his spinal condition and critical to the determination of Smith's eligibility for long-term disability benefits was not available at the time Liberty Life terminated his long-term disability benefits in August 2012. Dr. Agnew's medical review, on which Liberty Life relied to deny Smith's claim, summarized from Smith's medical records that, shortly after his fourth spinal surgery, Smith was "weaning down on his Percocet and his pain was better," that he had "plateaued within the last month," and that his x-rays indicated "evidence of healing and early fusion and complete improvement of his symptoms." Suppl. Aff. McGee, Ex. A at LL000303. The review also stated that Dr. Yu, Smith's treating physician, "was not available for further clarification," but concluded on the basis of the medical records alone, that Smith was "capable of sedentary to very light activity" and that the "prognosis for healing is good." *Id.* at LL000305. Similarly, on Smith's subsequent *pro se* appeal, Dr. Lewis's medical reviews concluded that as of August 2012, Smith had the ability to work full time with unrestricted hours. *Id.* at LL000198, LL000226.

6

The evidence that Smith asserts was uncovered later and submitted on Smith's supplementary appeal indicates that Smith had been experiencing "substantially increasing pain" and other chronic, debilitating symptoms after his April 2012 surgery as a result of a broken pedicle screw that had been surgically implanted during that surgery in order to stabilize Smith's lumbosacral spine. *Id.* at LL000111. This broken hardware was undiscovered until Dr. Yu found it during Smith's fifth spinal surgery in June 2013, and it provides support for Dr. Yu's opinion, submitted with Smith's supplementary appeal, that Mr. Smith's "ability to sit at a typical desk . . . is limited from 5-20 minutes" and that "at all times since at least January 2011, Mr. Smith has been disabled from all employment." *Id.* at LL000111. More importantly, as evidence relating to Smith's condition after his April 2012 surgery, it provides potentially significant support for Dr. Yu's October 2012 opinion that Smith "remains tempor[arily] and totally disabled," *id.* at LL00240, an opinion which was provided to but implicitly rejected by Liberty Life's peer reviewer, who instead concluded that Smith "would have the ability to work unrestricted hours at a full time capacity from August 2012 through present and beyond." *Id.* at LL000226. Because this information appears to be directly relevant to Liberty Life's consideration of Smith's claim for long-term disability benefits, and to the Court's review of whether the Liberty Life's decision was reasonable, the Court concludes that, without consideration of this material, Liberty Life lacked adequate evidence to assess Smith's claim.

The Fourth Circuit has held that in the context of a *de novo* review of an ERISA benefits claim, a district court may consider "additional evidence that the claimant could not have presented in the administrative process." *Quesinberry v. Life Ins. Co. of North Am.*, 987 F.2d 1017, 1027 (4th Cir. 1993). In a case under the abuse of discretion standard, however, such information cannot be considered by the district court absent prior consideration by the

administrator. *Berry*, 761 F.2d at 1007. District courts in this circuit have therefore remanded under circumstances where a plan administrator did not have before it a complete evidentiary record. *See Dunbar*, 265 F. Supp. 2d at 586 (remanding where employer evaluations of the plaintiff's job performance were "not produced" and "not considered" by the administrator, but were "highly relevant" to determining plaintiff's ability to perform his job duties); *Laser v. Provident Life & Accident Ins.*, 211 F. Supp. 2d 645, 657 (D. Md. 2002) (remanding *inter alia* because it was "not clear that [the administrator] had adequate evidence upon which to deny benefits, considering its disregard of [the plaintiff's treating cardiologist's] opinion and the evidence he submitted"); *Sutherland v. Continental Cas. Co.*, Civil Action No. 02-CA-280-A (E.D. Va. Oct. 18, 2002) (remanding because the administrator "did not have the benefit of considering Plaintiff's several surgical procedures in connection with Plaintiff's claim review, because those surgeries occurred after [the administrator] decided to terminate Plaintiff's benefits"). Thus, the correct course of action is to remand this case so that the administrator may consider Smith's claim with all of the relevant material.

In arguing that that the Court may not remand because the new information was discovered after Liberty Life concluded a final review of Smith's claim, Liberty Life cites to *Sandoval v. Aetna Life & Casualty Insurance Co.*, 967 F.2d 377 (10th Cir. 1992) and *Orndorf v. Paul Revere Life Insurance Co.*, 404 F.3d 510 (1st Cir. 2005). Opp. Mot. Remand at 5. These cases, which are not controlling precedent in this circuit, are distinguishable. In *Sandoval*, the plaintiff sought to introduce new evidence that he was entitled to long-term disability benefits on grounds of psychological impairment, which he had never before asserted. *Id.* at 378-79. There, the United States Court of Appeals for the Tenth Circuit held that the plaintiff was "not entitled to a second chance to prove his disability" because, in effect "a curtain falls when the fiduciary

8

completes its review[,] and for purposes of determining if substantial evidence supported the decision, the district court must evaluate the record as it was at the time of the decision." *Id.* at 381. As discussed above, however, Fourth Circuit precedent permits remand should the Court determine that the administrator lacked adequate evidence. Furthermore, unlike the plaintiff in *Sandoval*, who attempted to submit additional evidence of a new condition, *id.* at 379-80, Smith seeks remand on the basis of additional evidence relating to his spinal condition, the same condition for which Liberty Life evaluated and denied his claim for long-term disability benefits. Thus, remand here would not provide Smith a second chance to prove his eligibility based on a different disability.

In *Orndorf*, the United States Court of Appeals for the First Circuit found that the extra-administrative record evidence it declined to admit was "largely evidence collected after or evidence of [the plaintiff's] condition after [the administrator's] final decision." 404 F.3d at 520. The court noted that there "may be times when it is appropriate for courts to hear new evidence," but that the court "need only note, not decide the issue" of when such extra-administrative record evidence would be admissible. *Id.* Unlike in *Orndorf*, the evidence Smith submitted in his supplemental appeal pertained to Smith's condition before or during Liberty Life's consideration of Smith's claim for benefits but was not discovered until Smith's fifth spinal surgery, after the administrator's denial of Smith's appeal.

Finally, it is noteworthy that in both cases, the plaintiff sought to introduce new evidence for the first time before the district court. *Sandoval*, 967 F.2d at 379-81; *Orndorf*, 404 F.3d at 519. By contrast, Smith affirmatively presented the evidence to the administrator in a supplemental appeal, but the administrator refused to consider it, even though it related to the specific disability at issue, addressed Smith's condition before or during the administrator's

original review, and could not reasonably have been obtained earlier.[3] Suppl. Aff. McGee, Ex. A at LL000110-113. Having concluded that without such evidence the record would be inadequate and incomplete, the Court finds that remand is appropriate in this case.

## CONCLUSION

For the foregoing reasons, the Motion to Remand is GRANTED. On remand, Liberty Life is directed to consider the evidence included in Smith's supplemental appeal and issue a decision based on all of the evidence of record. The Court DISMISSES without prejudice the Motion for Summary Judgment, which may be re-filed upon completion of the review on remand. This case is STAYED pending completion of Liberty Life's review. Thus, the Scheduling Order is VACATED, and the Motion to Amend Scheduling Order is DISMISSED as moot. A separate Order follows.

Date: March 3, 2015

THEODORE D. CHUANG
United States District Judge

---

[3] Liberty Life further argues that remand is not appropriate because the Plan provides that a claimant must furnish "proof of claim" no later than 30 days after the end of the termination of benefits, "and in no event, except in the absence of legal capacity of the claimant, later than one year from the time proof is otherwise required," but Smith did not submit the additional evidence until his supplemental appeal filed on January 31, 2014, approximately 17 months after the denial date. Opp. Mot. Remand at 8 (quoting Group Disability Income Policy § 7 General Provisions, Notice and Proof of Claim, pt. 2(a)-(b), Suppl. Aff. McGee, Ex. A at LL000043). This argument is not persuasive because although the Plan does not provide a specific definition of "proof of claim," upon consideration of the portion of the Plan entitled "Notice and Proof of Claim" as a whole, the term is most appropriately read to refer to a formal claim, usually submitted on a standard form, stating the date, cause, and degree of disability, rather than the submission of every piece of evidence that could support the claim. Group Disability Policy § 7 General Provisions, Notice and Proof of Claim, pts. 1(b), 2(d), Suppl. Aff. McGee, Ex. A at LL000042-43.